**Waymond Lee JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–82–0015 CR.**

Court of Appeals of Texas, Tyler.

Feb. 12, 1982.

Thomas N. Blow, Tyler, for appellant.
Hunter Brush, Tyler, for appellee.

PER CURIAM.

The per curiam heretofore written is withdrawn.

This is a motion for extension of time to file an affidavit of indigency, designation of record, and statement of facts. There is presently no record before this court except appellant's motion and appellant's counsel's affidavit attached thereto.

The appellant, Waymond Lee Jordan, was convicted in the 114th Judicial District Court of Smith County, Texas, of the offense of aggravated assault. V.T.C.A. Penal Code 22.02. Appellant was assessed punishment of five years confinement in the Texas Department of Corrections. On November 3, 1981, defendant gave notice of appeal.

In the affidavit in support of appellant's motion, counsel states that he was retained by appellant on September 25, 1981. Such representation was through trial only. It terminated when the defendant was found guilty and sentenced on November 3, 1981.

On November 5, 1981, counsel visited appellant. According to counsel, appellant stated he did not intend to pursue his appeal. Before leaving, however, appellant's attorney provided appellant with a form for requesting court-appointed counsel on appeal. It appears, however, that no such request was ever made.

The next meeting counsel had with appellant was on February 2, 1982, for the purpose of determining why appellant had not yet been transferred from the county jail to the Texas Department of Corrections. At this meeting appellant reiterated his desire to withdraw his notice of appeal. This information was relayed to the trial court and a hearing was set for February 3, 1982.

At the hearing appellant apparently changed his mind and stated a desire to pursue his appeal. The court then ordered appellant's attorney to continue his representation of appellant through the appellate process. It is from this appointment that counsel has filed these motions for extension of time.

Article 40.09 requires the defendant to file any affidavit of indigency and/or designation of record within twenty days of the notice of appeal and the statement of facts within sixty days.[1] The Court of Criminal Appeals has repeatedly held that indigents are required to adhere to the time requirements imposed by Article 40.09. *Zamora v. State*, 568 S.W.2d 355 (Tex.Cr.App.1978); *Hoagland v. State*, 541 S.W.2d 442 (Tex.Cr.App.1976). It is incumbent upon the appellant, whether indigent or not, to exercise due diligence in securing a copy of the court reporter's notes. *Weeks v. State*, 521 S.W.2d 858 (Tex.Cr.App.1975); *Ex parte Thorbus*, 455 S.W.2d 756 (Tex.Cr.App.1970). We believe the same rule applies to appellant's filing his request for appointed counsel and for designation of the record.

Even assuming appellant is indigent, the record and affidavit before us are devoid of

---

1. All references are to Article 40.09 of the Texas Rules of Criminal Procedure (Vernon Supp. 1982).

any showing of diligence. Appellant's motion for extension of time to file affidavit of indigency, designation of record, and statement of facts is overruled.