**Carlos GALLARDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00145–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 20, 1985.

Joseph Valdez, San Antonio, for appellant.

Sam Millsap, Jr., Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

ON STATE'S MOTION FOR REHEARING EN BANC OF COURT'S ORDER GRANTING EXTENSION OF TIME TO FILE TRANSCRIPT

PER CURIAM.

Appellant was convicted of kidnapping and sentenced to serve ten (10) years' confinement in the Texas Department of Cor-

rections on February 8, 1985. A timely filed motion for new trial was overruled on March 13, 1985, and appellant then gave notice of appeal in open court. No designation of matters to be included in the record was ever filed. *See* TEX.CODE CRIM. PROC.ANN. art. 40.09, § 2 and § 5 (Vernon Supp.1985). The record was completed and appellant notified of the completion on May 14, 1985. Appellant filed an affidavit of indigency on the same day, May 14, 1985.[1] On what appears to be the date of May 23, 1985, appellant filed objections to the record alleging for the first time that no statement of facts had been filed. The State filed a reply to appellant's objections to the record on May 24, 1985.

The record next reveals that the trial court overruled appellant's objections to the record on September 26, 1985.[2] A record of the hearing is not before us.

Appellant filed a motion for extension of time within which to file the statement of facts in this court on September 24, 1985.[3] The State filed a response on September 26, 1985. This court granted appellant's motion on September 26, 1985, and on October 1, 1985, ordered that the statement of facts be deemed timely filed as of October 1, 1985. The State then filed their motion for rehearing en banc on October 4, 1985.

The trial court had originally approved the record on September 30, 1985, minus the statement of facts. Subsequently, notice of completion was again mailed on October 4, 1985, the statement of facts having been filed on October 1, 1985. The trial court then reapproved the record on October 18, 1985 and appellant was so notified.

We agree with the assessment made by the State in its motion for rehearing that from the facts before us, it appears that appellant has ignored every requirement for the preparation of an appellate record as set forth in TEX.CODE CRIM.PROC. ANN. art. 40.09 (Vernon Supp.1985). Appellant failed to file a designation of matters to be included in the record as required by article 40.09, section 2. Appellant did not request that the statement of facts be included in the record as required by article 40.09, section 2 and section 5. Appellant failed to file an affidavit of indigency within twenty days after giving notice of appeal. *See* article 40.09, section 5. Appellant failed to timely file an extension of time within which to file the statement of facts under article 40.09, section 3 and section 13. *See Hernandez v. State*, 670 S.W.2d 686 (Tex.App.—Amarillo 1984, no pet.) and cases cited therein. Equally as important as his failure to follow the procedures mandated by article 40.09, appellant has completely failed to show any good cause for his failure to comply with those procedures. *Cf. Jordan v. State*, 629 S.W.2d 187 (Tex.App.—Tyler 1982, no pet.) and cases cited therein.

Our prior decision in this cause is withdrawn. The State's motion for rehearing en banc is granted and appellant's motion for extension of time to file the statement of facts is denied. Appellant has thirty days from the date of this order within which to file his brief.

---

**1.** The pertinent portion of this affidavit recites that appellant cannot pay for the cost of the record but that his retained trial attorney would continue to represent him without payment of additional fees.

**2.** The State asserts that the trial court actually overruled the appellant's objections to the record on July 26, 1985. The record only reflects the written order signed on September 26, 1985, wherein the month of July was crossed out and September substituted therein.

**3.** In this motion, appellant asserts he has now made arrangements to pay for the preparation of the record. We also note that the affidavit of the court reporter for extension of time which accompanied this motion was signed on August 8, 1985 and that some "arrangements" have been made for preparation of the statement of facts.