**Andre RHODA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49381.**

Court of Criminal Appeals of Texas.

Oct. 30, 1974.

Jesse R. Funchess, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of aggravated assault on a peace officer; the punishment, a fine of Two Hundred Fifty Dollars.

The complaint and information charge that appellant committed an aggravated assault on a City of Houston police officer on or about December 28, 1972. Apparently he was arrested on the same day, inasmuch as the record reflects he made a Four Hundred Dollar bond on that date.

A jury trial was had on April 25, 1973. Following the several motions for new trial, which were overruled on August 28, 1973, appellant was sentenced and gave notice of appeal. The trial court ordered the original bond to remain in effect pending appeal.

On September 12, 1973, appellant's counsel filed an appellate brief in the trial court setting forth four grounds of error. The clerk of the trial court prepared a record, without a transcription of the court reporter's notes, and notice of completion of

the record was sent by certified mail to appellant's counsel on April 4, 1974. No objections were made to the record by appellant, and the trial court approved the record on April 24, 1974. There is nothing in the record to show that appellant requested the court reporter to prepare a transcription of his notes.[1]

Five days after the record was approved, appellant's retained counsel[2] filed a motion requesting permission to withdraw, stating that appellant had failed to pay the "contracted fees" and had failed to give his counsel "assurance that the fees will be paid." The request of counsel to withdraw was denied by the trial court. Almost four months (August 21, 1974) after the record was approved by the trial court, appellant filed an affidavit of indigency.

In Sowell v. State, 505 S.W.2d 877 (Tex.Cr.App.1974), we abated an appeal on motion for rehearing upon an indication of indigency. There we stated:

"Appellant's conviction was affirmed by this Court on January 9, 1974, in a per curiam opinion (No. 48,039). At the time appellant's conviction was affirmed by this Court no brief had been filed in the trial court in appellant's behalf, the record was before us without a transcription of the court reporter's notes, and no questions based on indigency had been raised.

"On January 28, 1974, appellant filed a 'pro se' motion for leave to file a motion for rehearing, and a pauper's oath. Therein appellant contends that (1) he is indigent and has been so since the beginning of his appeal, therefore not allowing him to afford an attorney to perfect his appeal to this Court, and (2) that be-

cause of his financial condition, he could also not afford to send up the statement of facts. Appellant requests that this Court allow him time so that he may have an attorney appointed for him to further perfect his appeal and that he may be allowed to file a pauper's affidavit in order that he may send up a statement of facts to this Court.

"The issue before this Court is: when the first indication of indigency is made after the record is filed in this Court, will the case be abated for purposes of determining an appellant's indigency for purposes of appeal? We answer this question under the facts in the case at bar in the affirmative.

"In Steel v. State, 453 S.W.2d 486 (Tex.Cr.App.1970), this Court stated:

" 'When private counsel is engaged, no duty devolves upon the court to appoint counsel in criminal prosecution. However, retained counsel, even one who has not been fully compensated for past services or compensated for further service, *cannot wait until a critical stage of the proceedings* is reached and bow out without notice to the court and the accused and "frustrate forever accused's right to protect his vital interests." '

"We conclude that the above rule is applicable in the instant case. The trial court should hold a hearing with reference to appellant's indigency for purposes of appeal and, if indigency is shown, take such steps as are necessary to provide effective counsel, along with a free transcription of the court reporter's notes. See also Curry v. State, 488 S.W.2d 100 (Tex.Cr.App.1972); Richardson v. State, 495 S.W.2d 246 (Tex. Cr.App.1973)." (Emphasis added.)

---

1. Neither is there anything in the record to show that appellant requested the court reporter to make notes of any of the proceedings. See Article 40.09, Sec. 5, Vernon's Ann.C.C.P.

2. The motion which was filed on April 29, 1974, states that counsel "was employed by

this Defendant over one (1) year ago." It is also important to point out, that counsel had already filed his appellate brief (September 12, 1973) some seven months prior to the time the record was approved (April 24, 1974). See Article 40.09, Sections 7 and 9, V.A.C.C.P.

Here, however, unlike the situation in Sowell v. State, supra, we find no indication that counsel withdrew at a critical stage of the proceedings. Indeed, the record reflects that counsel filed a brief in behalf of appellant, and that the record was approved by the trial court *before* counsel attempted to withdraw,[3] and long before appellant filed his affidavit of indigency. Appellant has not been deprived of counsel on appeal because he had and still has counsel. Neither has he been deprived of a statement of facts because neither he nor his counsel designated such for inclusion in the record nor sought to secure it at the appropriate stage of the appellate process (see Art. 40.09, supra). An appellant, being represented by counsel, may not neglect to designate matter for inclusion in the record and then, late in the appellate process, claim indigency and require a return to the beginning of that process. The right of an indigent appellant to a free statement of facts is independent of the requirement that a statement of facts, free or otherwise, be requested at the appropriate stage of the appellate process. If that requirement not be met, the right to have it included in the record on appeal is waived. Since appellant was represented by counsel who was actively pursuing his appeal and no request for a statement of facts was made, we conclude appellant's right to have it included in the record was waived. We do not reach the question of whether appellant would be entitled to a free statement of facts if he had in fact designated it for inclusion in the record and sought to have it prepared.

We have examined appellant's brief. It raises four grounds of error which complain of the trial court's failure to grant his Motion for New Trial upon various grounds. We find three of the grounds alleged in his brief were not alleged in his Motion for New Trial. No error is thereby shown. The fourth complains of the sufficiency of the evidence,

but this ground is not briefed nor is any particular deficiency in the proof alleged. It is therefore overruled.

We have examined the record for unassigned error which we might consider in the interest of justice under Article 40.09, Section 13, V.A.C.C.P., and find none.

The judgment is affirmed.

---

3. As far as this Court is concerned, appellant's retained counsel still represents him.