**Melvin Leroy HOAGLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52839.**

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Richard M. Price, Abilene, for appellant.

Edward R. Paynter, Dist. Atty., Patricia A. Elliott, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for delivery of a controlled substance, tetrahydrocannabinol. A guilty plea was entered and punishment was assessed by the jury at five years.

The sole ground of error presented in this appeal is that the trial court committed reversible error in denying appellant's motion to extend time for filing of the statement of facts. Art. 40.09(3), V.A.C.C.P. Appellant does not challenge the validity of the guilty plea. We hold that the trial court's denial of appellant's motion was not error.

The record reflects that Hoagland gave notice of appeal on October 31, 1975. On the same day he informed the trial court he would obtain a new attorney for appeal purposes. The departing trial counsel informed appellant that he had but ninety days to perfect his appellate record. The

43

appellant stated that he was aware of this time limitation.

On January 30, 1976, ninety-one days after notice of appeal, appellant filed two motions: one requesting appointment of appeal counsel and a free transcription of the court reporter's notes, and the other asking for an extension of time for filing of the statement of facts. The trial court, after a hearing, found appellant indigent and appointed counsel for appeal purposes. The motion for extending time for filing of the statement of facts was denied on the basis that no good cause had been shown for such extension as required by Art. 40.-09(3), supra.

The denial of the motion to extend time for filing the statement of facts was not an abuse of discretion by the trial court. The record shows that appellant was well aware of the ninety day time limit for filing of the statement of facts. Despite this knowledge, appellant did not attempt to obtain a statement of facts or an extension of the filing time until ninety-one days after notice of appeal was given.

The record also reflects that appellant indicated to the trial court that he would retain new counsel for appeal. Hoagland did not take any steps to secure a determination of his indigency for purposes of obtaining counsel for appeal and a free transcript of the court reporter's notes[1] until expiration of the ninety day period allowed for filing the statement of facts. This Court has held that it is incumbent upon the appellant, whether indigent or not, to exercise due diligence in securing a copy of the court reporter's notes. *Weeks v. State*, Tex.Cr.App., 521 S.W.2d 858; *Ex parte Thorbus*, Tex.Cr.App., 455 S.W.2d 756; *Conerly v. State*, Tex.Cr.App., 412 S.W.2d 909.

It should be noted that indigents are also required to adhere to the time requirements imposed by Art. 40.09, V.A.C.C.P. In *Rhoda v. State*, Tex.Cr.App., 514 S.W.2d 937, 939, we held:

"The right of an indigent appellant to a free statement of facts is independent of the requirement that a statement of facts, free or otherwise, be requested at the appropriate stage of the appellate process. If that requirement not be met, the right to have it included in the record on appeal is waived."

The appellant in the case at bar did not make any request for a copy of the statement of facts until after the time for filing provided by Art. 40.09(3), supra, had lapsed. This was not the appropriate stage in the appellate process to make such a demand.

The inaction of appellant, as shown by his tardy motions for appointed counsel, a free transcript of the court reporter's notes, and an extension of time for filing the statement of facts, demonstrates a lack of diligence on his part. It was not an abuse of discretion for the trial court to conclude that no good cause was shown for granting the motion to extend the time for filing the statement of facts. *Utsman v. State*, Tex.Cr.App., 485 S.W.2d 573.

The judgment is affirmed.

---

1. As provided by Art. 40.09(5), V.A.C.C.P.