Felipe ZAMORA, Appellant,

v.

The STATE of Texas, Appellee.

No. 57314.

Court of Criminal Appeals of Texas,
Panel No. 3.

July 19, 1978.

No appearance for appellant.

No appearance for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation where appellant was convicted of the offense of burglary of a building; the punishment, four years' confinement in the Department of Corrections.

The record is before us without a transcription of the court reporter's notes or bills of exception. No brief was filed in the trial court in appellant's behalf pursuant to Art. 40.09(9), Vernon's Ann.C.C.P.[1] Although record reflects that appellant was represented by court-appointed counsel at the initial proceedings in which he was placed on probation, the record is completely silent concerning whether or not appellant was indigent during the probation revocation proceedings. Appellant apparently did not request appointed counsel during the revocation proceedings and did not request that counsel be appointed for purposes of appeal or that a free transcription of the court reporter's notes be provided him because of indigency. This Court has held that it is incumbent upon the appel-

---

1. After this appeal was filed in this Court, we received a "motion to withdraw appeal notice," signed by appellant and his attorney, as well as a copy of an order, signed by the trial judge, which purports to grant the motion. The trial judge did not have authority to grant the motion after this Court obtained jurisdiction of appellant's case. *Page v. State,* 532 S.W.2d 341, 342, n. 1 (Tex.Cr.App.1976). Nor can we consider appellant's motion as a motion to dismiss the appeal in this Court, since the motion is not properly authenticated. *Page v. State,* supra.

lant, whether indigent or not, to exercise due diligence in securing a copy of the court reporter's notes. *Weeks v. State,* 521 S.W.2d 858 (Tex.Cr.App.1975); *Ex parte Thorbus,* 455 S.W.2d 756 (Tex.Cr.App.1970). While, as previously stated, there is nothing in the record to reflect that appellant is presently indigent, it should be noted that indigents are also required to adhere to the time requirements imposed by Art. 40.09, Vernon's Ann.C.C.P. See *Hoagland v. State,* 541 S.W.2d 442 (Tex.Cr.App.1976); *Rhoda v. State,* 514 S.W.2d 937 (Tex.Cr. App.1974). Assuming arguendo that appellant is indigent, he has not made any request for a determination of indigency nor a free transcription of the court reporter's notes. Further, appellant's counsel has been notified of the completion and approval of the record in this cause and has failed to file a brief. We conclude that the complete inaction of appellant demonstrates the lack of diligence in this cause and nothing is presented for review.

We have found nothing which would require our review in the interest of justice under Art. 40.09(13), Vernon's Ann.C.C.P.

The judgment is affirmed.