**Frank HERNANDEZ, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–84–0025–CR.**

Court of Appeals of Texas, Amarillo.

Feb. 21, 1984.

C.R. Daffern, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Amarillo, for appellee.

## OPINION ON EXTENSION MOTION

PER CURIAM.

Appellant Frank Hernandez, Jr., convicted of the offense of unauthorized use of a motor vehicle and assessed an enhanced punishment at confinement for twenty-five

years, has moved for an extension of time to file a transcription of the court reporter's notes. Because the motion affirmatively establishes that appellant waived the right to have the transcription included in the appellate record, thereby denying the existence of good cause to authorize the granting of the motion, the extension motion is overruled.

The notice of appeal forwarded to this Court reveals that the judgment of conviction was dated 20 September 1983 and that, on the same day, appellant orally gave notice of appeal in open court. The notice is the only part of the appellate record that has been submitted to this Court.

On 26 January 1984, appellant moved this Court, which declined with an explanation, to extend the time for filing the transcription, which had not been filed, according to the motion and the court reporter's affidavit attached thereto, because of the reporter's press of business. Thereafter on 30 January 1984, appellant again moved this Court, by an expanded motion and for the same reason given in his first motion, to extend the time for filing the transcription. We now state more fully the rationale for overruling the motion.

Appellant's counsel certifies in the current motion that he was court-appointed counsel for appellant's trial and was, on 25 January 1984, court-appointed counsel for appellant's appeal, the notice of which was given on 20 September 1983. On the date of counsel's latest appointment, 25 January 1984, appellant requested the preparation of the transcription of the trial testimony.

Thus, the documents submitted to this Court affirmatively establish that the request for the transcription was made on the 127th day after the giving of notice of appeal. In Article 40.09, § 5, of the Texas Code of Criminal Procedure, it is specified, *inter alia*, that:

> If a party desires to have all or any portion of a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article....

The "time required by Section 2 of this Article" is, as pertinent to the consideration of appellant's extension motion, stated thusly:

> The appellant shall file his designation within 20 days after the giving of notice of appeal....

Tex.Code Crim.Pro.Ann. art. 40.09, § 2 (Vernon Supp.1982–1983). The time requirement is one that must be adhered to by the appellant. *Hoagland v. State,* 541 S.W.2d 442, 443 (Tex.Cr.App.1976).

Although a court of appeals is authorized, for good cause shown on timely application, to extend the time for meeting certain time limits prescribed for the appellate process in some sections of Article 40.09, the twenty-day limit mandated in Sections 2 and 5 is excluded from the authorization. Tex.Code Crim.Pro.Ann. art. 40.09, § 13 (Vernon Supp.1982–1983). Moreover, to secure an authorized extension of time, there is the requirement that a motion therefor "shall be filed before the deadline for the filing of the item in question. See Rule 4." Tex.Cr.App.R. 6. Rule 4 provides that the appellate court may, for good cause and unless otherwise provided in the rules, suspend the requirement of any rule; yet, the rule contains this caveat:

> Provided, however, that nothing in this rule shall be construed to allow any court to suspend the requirements or provisions of the Code of Criminal Procedure.

A fortiori, even though the appellate court has the authority, by the interaction of the rules, to entertain a late filed motion to extend the time for filing a timely requested transcription, the court is denied the authority, by the provisions of the procedural Code and the rules, to suspend the twenty-day requirement for an appellant to designate the transcription for inclusion in the appellate record. Hence, if the twenty-day requirement is not met, the right to have the transcription included in the record on appeal is waived. *Rhoda v. State,* 514 S.W.2d 937, 939 (Tex.Cr.App. 1974).

 Parenthetically, we recognize that the twenty-day time requirement for designation of material to be included in the appellate record is not a requirement for invoking appellate jurisdiction over the appeal itself as is the timely giving of notice of appeal, *Carter v. State,* 656 S.W.2d 468, 469 (Tex.Cr.App.1983), the specified time for giving which may be extended. Tex. Code Crim.Pro.Ann. art. 44.08(e) (Vernon Supp.1982–1983). Still, we also must recognize that the necessity of adhering to the twenty-day requirement on penalty of waiver is further mandated by our Court of Criminal Appeals' decisions, which we are not authorized to disobey or circumvent. *State ex rel. Vance v. Clawson,* 465 S.W.2d 164, 168 (Tex.Cr.App.), *cert. denied, sub nom. Pruett v. Texas,* 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182, *reh'g denied,* 404 U.S. 996, 92 S.Ct. 529, 30 L.Ed.2d 548 (1971).

 The extension motion's affirmative allegation establishes that the transcription was not requested until 107 days after the expiration of the statutory time for designating its inclusion in the record. This was too late in the appellate process, *Hoagland v. State, supra,* and consequently, appellant has waived the right to have the transcription included in the record on appeal. *Rhoda v. State, supra.* Given the waiver, it follows that good cause does not exist to warrant an extension of time for filing the transcription. *Hoagland v. State, supra.* Without the existence of good cause, the appellate court is not authorized to grant an extension of time for filing the transcription. Tex.Code Crim. Pro.Ann. art. 40.09, §§ 3, 13 (Vernon Supp. 1982–1983); Tex.Cr.App.R. 6(8), 4.

 In overruling the motion, we are not unmindful that appellant's appointed counsel asserts in the motion that appellant was an indigent at the trial and, so counsel believes, still is indigent. That status alone does not negate appellant's waiver, for indigent appellants are required to adhere to the twenty-day time requirement for designating material for inclusion in the appellate record. *Zamora v. State,* 568 S.W.2d

355, 356 (Tex.Cr.App.1978); *Hoagland v. State, supra; Rhoda v. State, supra.*

Nor is appellant's waiver affected by counsel's representations that he was not appointed counsel for the appeal until 25 January 1984 and that there has been no lack of diligence on his part. Our declination to grant the extension motion under the circumstances presented does not imply a lack of diligence on counsel's part. We observe, however, that other than establishing appellant's waiver, the extension motion does not address, and therefore we do not express an opinion, whether appellant himself exercised due diligence to secure a transcription for inclusion in the appellate record.

Accordingly, the motion to extend the time for filing a transcription of the court reporter's notes is overruled.