**Douglas Charles GOLLIHAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–84–0278–CR.**

Court of Appeals of Texas,
Amarillo.

Jan. 2, 1986.

Cecil R. Biggers, Spearman, for appellant.

S. Vance Jones, Borger, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

This appeal requires us to determine whether appellant's failure to comply with a reasonable, nonjurisdictional statutory rule of procedure for designating the

record on appeal may be the basis of his claimed denial of effective assistance of counsel on appeal. Holding that it may not, we affirm.

Appellant Donald Charles Gollihar was convicted of the offense of burglary, for which his punishment was assessed at confinement for ten years and a fine of $8,000. On the day sentence was imposed, 31 October 1984, appellant timely gave notice of appeal, the prerequisite to invoking this Court's jurisdiction over the appeal. *Carter v. State*, 656 S.W.2d 468, 469 (Tex.Cr. App.1983).

Forty-three days later, on 13 December 1984, appellant applied to the trial court for appointment of counsel on appeal. The court formally appointed appellant's previously appointed trial counsel to represent appellant on appeal.

On 17 December 1984, forty-seven days after appellant gave notice of appeal, appellant's appointed counsel filed a designation of material, including a transcription of the court reporter's notes, for inclusion in the record on appeal. Then, since Article 40.-09, § 5, Texas Code of Criminal Procedure Annotated (Vernon Supp.1986), requires that if appellant desires the inclusion of a transcription of the court reporter's notes in the record on appeal, the designation shall be made within 20 days after the giving of notice of appeal, appellant, acting through his counsel, moved this Court on 28 December 1984 and on 9 January 1985 for an extension of time to file the transcription in the trial court. Both motions were overruled on the authority of *Hernandez v. State*, 670 S.W.2d 686 (Tex.App. —Amarillo 1984, no pet'n). In *Hernandez*, we documented the lack of authority to suspend the 20-day designation requirement, and observed the holding in the cited decisions of our court of last resort for appeals in criminal matters that if the 20-day requirement is not met, the right to have the transcription included in the record on appeal is waived. 670 S.W.2d at 688–89.

Now, appellant contends, by his two grounds of error, that he was deprived of effective assistance of counsel on appeal because (1) the trial court failed to appoint counsel to represent him on appeal in time to designate the record on appeal, and (2) the rules governing the inclusion of the transcription of the court reporter's notes in the record on appeal are unconstitutional as applied to him in this cause. For the reasons to be stated, the grounds are overruled.

■ The constitutional right of a criminal defendant to effective assistance of counsel on appeal was established by *Evitts v. Lucey*, 469 U.S. ——, ——–——, 105 S.Ct. 830, 836–37, 83 L.Ed.2d 821, 830–31 (1985). That right was declared in order to comport with the demands of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* at ——, ——, 105 S.Ct. at 832, 836, 83 L.Ed.2d at 825, 830.

But that right, as it is asserted under the circumstances of this appeal, does not automatically override all other considerations; indeed, the question of the denial of effective assistance of counsel on appeal cannot be reached unless, as appellant submits in his second ground of error, the rules governing the inclusion of a transcription of the court reporter's notes in the record on appeal are unconstitutional as applied to him in this cause. That question is the cornerstone of consideration in this appeal.

■ It is accepted that the Due Process Clause of the Fourteenth Amendment requires an *opportunity* granted at a meaningful time and in a meaningful manner to obtain an appellate hearing. *Thomas v. Arn*, —— U.S. ——, —— 106 S.Ct. 466, 474, 88 L.Ed.2d —— (1985). In this regard, a state may prescribe reasonable requirements, including those of limitation, for triggering the right to appellate review and determination. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). And it follows that a state accords due process when it curtails or terminates an appeal for appellant's failure to comply with a reason-

able procedural rule. *Thomas v. Arn, supra.*

■ Article 40.09 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1986) is the statutory prescription for the record on appeal. Sections 2 and 5 of the article operate in concert to prescribe that if an appellant desires to have all or any portion of a transcription of the court reporter's notes included in the record, he *shall* file his designation within 20 days after giving his notice of appeal. As we noted in *Hernandez, supra,* at 688, no authority is granted for extending or suspending the nonjurisdictional 20-day limitation, for it was excluded from the authorization statutorily granted to extend the time specified for meeting some of the time limits prescribed for the appellate process.

The statutory provisions certainly grant the *opportunity* at a meaningful time to obtain the inclusion of the transcription in the record on appeal. The 20-day time limit for the designation of the transcription for inclusion in the record is a reasonable one for the filing of a simple designation; indeed, a 10-day time limit for filing objections to a magistrate's report, obviously a more onerous burden, has been held to be reasonable. *Thomas v. Arn, supra,* —— U.S. at ——, ——, 106 S.Ct. at 468, 474. And the time limit applies equally to all appellants, whether indigent or nonindigent, who must adhere to the requirement. *Zamora v. State,* 568 S.W.2d 355, 356 (Tex.Cr.App.1978); *Hoagland v. State,* 541 S.W.2d 442, 443 (Tex.Cr.App.1976); *Rhoda v. State,* 514 S.W.2d 937, 939 (Tex.Cr.App. 1974).

Thus, the operation of the rules governing the record on appeal are not unconstitutional as applied to appellant in this cause. They did not deny him a right, in violation of the Due Process Clause, to have the transcription of the court reporter's notes included in the record on appeal; they only conditioned that right on his merely filing a simple designation of the transcription within 20 days after he gave his notice of appeal. Appellant simply failed, as did the defendants in *Zamora, Hoagland* and *Rho-*

*da,* to exercise due diligence to invoke that right, and so, like the defendants in those cases, he waived the right. To hold otherwise, particularly under the guise of the denial of effective assistance of counsel, would be to sanction an appellant's complete control of the timetables in the appellate process, an intolerable situation.

Beyond that, our Court of Criminal Appeals, when faced with the exact question to be first decided in this appeal, validated the mandatory operation of sections 2 and 5 of article 40.09 in rendering its decisions in *Zamora, Hoagland* and *Rhoda.* It is to be presumed that the Court rendered its decisions in full awareness of, and after finding the statutory provisions complied with, the pertinent due process requirements for procedural rules. *Accord, David v. State,* No. 796–84 (Tex.Cr.App., Dec. 18, 1985). And, since the Court has decided the exact question, we, as an intermediate court, are not authorized to disobey or circumvent it. *Hernandez v. State, supra,* at 689.

Accordingly, the judgment of the trial court is affirmed.

BOYD, J., dissents.

BOYD, Justice, dissenting.

I respectfully dissent to the overruling of appellant's second ground of error. For the reasons hereinafter stated, I would sustain appellant's second ground of error to the extent hereinafter set out. In my view, the decision of the Supreme Court of the United States in *Evitts v. Lucey,* 469 U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) mandates the disposition I would make of this appeal.

The indictment in this case was returned on January 25, 1984. On March 13, 1984, appellant executed an affidavit of inability to employ counsel and, on that day, an attorney was appointed to represent him. On June 18, 1984, after proper motion to withdraw, that attorney was permitted to withdraw. On June 25, 1984, the counsel who tried the case and, incidently, is prosecuting this appeal was, in the language of

the court's order "appointed as counsel herein" without limitation as to time.

On October 30, 1984, the case proceeded to trial on its merits. On October 31, 1984, the jury returned its verdict and notice of appeal was given. On December 13, 1984, appellant made specific application for appointment of counsel on appeal. On December 17, 1984, appellant's trial counsel notified the court reporter that he had been "orally appointed" to represent appellant in the appeal of this case and filed a designation of material, including a statement of facts for inclusion in the record. On December 28, 1984 and January 9, 1985, appellant filed motions for extension of time within which to file a transcription of the record. As noted by the majority, the last day within which appellant could normally have designated material for inclusion in the record had passed prior to the attempted designation, Tex.Code Crim.Proc.Ann. art. 40.09(2) (Vernon Supp.1984), and under authority of this Court's decision in *Hernandez v. State*, 670 S.W.2d 686 (Tex.App. —Amarillo 1984, no pet.), both motions for extension of time were denied by this Court. Accordingly, the record is now before us without a statement of facts.

It is well established that an indigent defendant is entitled to an adequate record on appeal and to the *effective* assistance of counsel on that appeal. *Anders v. California*, 386 U.S. 738, 741–42, 87 S.Ct. 1396, 1398–99, 18 L.Ed.2d 493 (1967); *Guillory v. State*, 557 S.W.2d 118, 120–21 (Tex.Crim. App.1977). That constitutional requirement of the effective assistance of counsel on appeal to comply with the demands of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, was explicated, delineated, and again emphasized by the Court's decision in *Evitts v. Lucey, supra*. That decision was, of course, made subsequent to this Court's decision in *Hernandez v. State, supra*, and we did not have the benefit of its teaching and requirement in reaching that decision. The decisions of the Court of Criminal Appeals in the cases of *Zamora v. State*, 568 S.W.2d 355 (Tex.Crim.App.1978); *Hoagland v. State*, 541 S.W.2d 442 (Tex.Crim.

App.1976); and *Rhoda v. State*, 514 S.W.2d 937 (Tex.Crim.App.1974), were also reached prior to the *Evitts* decision.

In *Evitts*, the defendant's counsel, although he had filed a proper notice of appeal, failed to file a "statement of appeal" as required by the Kentucky Rules of Appellate Procedure. Apparently, this "statement of appeal" was an instrument which would designate and include additional information pertinent to the record on that appeal. The failure of defendant's counsel to *timely* file such a statement with his brief and the record in the Court of Appeals resulted in the dismissal of his appeal. Upon the dismissal, the defendant moved for reconsideration and tendered a statement of appeal which complied with the requisite rules. That motion was overruled. The action of the Court of Appeals was sustained by the Supreme Court of Kentucky giving rise to the appeal to the Supreme Court of the United States.

En route to its decision, the *Evitts* Court made this observation:

> In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, and the consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a lay-person would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; *a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.* (Emphasis added.)

*Id.* 469 U.S. at ——, 105 S.Ct. at 836, 83 L.Ed.2d at 830. The Court went on to hold

that the failure of Lucey's attorney to comply with the applicable rules and timely file the required "statement of appeal" deprived Lucey of his right to have his conviction reviewed by an appellate court, the result of which was to deprive Lucey of his Fourteenth Amendment due process right to effective assistance of an attorney on appeal. The recent decision in *Thomas v. Arm*, —— U.S. ——, 106 S.Ct. 466, 88 L.Ed.2d 435, 1985, 38 Crim.L.Rep. (BNA) 3031, 3035 (1985) reaffirms the mandate that the Due Process Clause of the Fourteenth Amendment requires an opportunity granted at a meaningful time *and in a meaningful manner* to obtain an appellate hearing.

Parenthetically, I must note that absent a statement of facts, our appellate review of this case is extremely limited. *Bush v. State*, 370 S.W.2d 875 (Tex.Crim.App.1963). Moreover, it seems to be established that an appointed counsel for an indigent defendant is obligated to continue to serve until permitted by the court to withdraw. *Harrison v. State*, 516 S.W.2d 192, 193 (Tex.Crim.App.1974). Therefore, under this record, appellant was continually represented by counsel during the course of the trial and during the crucial time periods necessary to perfect an appeal and ensure the preparation of a proper record for proper appellate review.

In my mind, the situation presented to us in the instant case and the situation presented to the *Evitts* Court are, in their essentials, strikingly similar. In *Evitts*, the defendant, as is our appellant, was entitled to an appeal to a Court of Appeals as a matter of right. In *Evitts*, the defendant's failure to timely file an instrument required by appellate rules deprived that defendant of appellate review. In the instant case, the failure to timely file the designation for inclusion of the statement of facts limits severely our appellate review, the effect of which, in this case, is to prevent him from obtaining an appellate hearing in a meaningful manner.

In my view, the Court's decision in *Evitts* speaks to the fact situation in the instant case and requires us to find that the failure to allow appellant the use of a statement of facts in our review of his case deprives him of a meaningful review by this Court and of the effective assistance of counsel on appeal.

The factual situation presented to the Court in *David v. State*, No. 796–84 (Tex. Crim.App. Dec. 18, 1985) was different from that existent in *Evitts* and in this case. Therefore, the Court did not discuss *Evitts* nor its ramifications and requirements. I realize, therefore, that our Court of last resort in this state has not yet had the opportunity to speak upon the problem presented in this cause. Nevertheless, the Court of last resort in the United States has, in my opinion, so spoken. I believe we are obligated to follow that holding.

I would, therefore, abate this appeal and remand the cause to the trial court for the preparation of a statement of facts to be shown in a supplemental record to be forwarded to this Court. To the majority's failure to do this, I must respectfully dissent.