Kenneth Joseph WARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–84–0254–CR.

Court of Appeals of Texas,
Amarillo.

Jan. 22, 1986.

Jeff Blackburn, Amarillo, for appellant.

R.J. Thornton, Plainview, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Kenneth Joseph Ward appeals from a judgment revoking probation. The appeal raises the question whether appellant, who failed to comply with the mandatory requirements for timely designating the transcription of the court reporter's notes for inclusion in the record on appeal, is entitled to the transcription upon claims of denial of effective assistance of counsel and lack of proper admonishment on the dangers of self-representation on appeal. Under this record, the question will be answered in the negative, and the judgment will be affirmed.

The probation previously granted appellant was revoked by the trial court's 4 October 1984 order. Appellant's trial counsel of record timely filed appellant's written notice of appeal on 10 October 1984. No designation of a transcription of the court reporter's notes for inclusion in the record on appeal was filed within 20 days after the giving of notice of appeal as required by statute. Tex.Code Crim.Proc. Ann. art. 40.09, §§ 2, 5 (Vernon Supp.1986). On 25 October 1984, the trial court approved the record on appeal, which did not include a transcription of the court reporter's notes, and, there being no objection filed to the record, it was filed in this Court on 20 November 1984.

Upon receipt of the Court's notice of the record filing, appellant's counsel of record advised that he had not been appointed counsel on appeal. Then, for the reasons explained in an unpublished opinion, this Court abated the appeal, ordered the trial court to hold a hearing to determine appellant's indigency and, if indigency be determined, to appoint counsel on appeal, who was to file appellant's brief within thirty days from the date of appointment. *Ward v. State*, No. 07–84–0254–CR (Tex.App.—Amarillo, Dec. 19, 1984, no pet'n).

In response to the Court's order, the trial court made its 20 December 1984 order appointing appellant's trial counsel as appellant's attorney on appeal. Seven days later on 27 December 1984, counsel designated the transcription of the court report-

er's notes for inclusion in the record on appeal and, on 12 February 1985, moved for extension of time for filing the transcription with the clerk of the trial court. The motion was denied for want of authority to include the untimely designated transcription in the record on appeal as explicated in *Hernandez v. State*, 670 S.W.2d 686 (Tex.App.—Amarillo 1984, no pet'n). In *Hernandez*, we pointed out that Article 40.09, *supra*, requires that if appellant desires the inclusion of a transcription of the court reporter's notes in the record on appeal, the designation shall be made within 20 days after the giving of notice of appeal, and documented the lack of authority to suspend the 20-day requirement. *Id.* at 688–89.

Thereafter, another attorney, representing that he "has been retained as co-counsel on appeal only," moved for, and was granted, extensions of time to file appellant's brief. Within the extended time granted for filing the brief, appellant moved that the appeal be abated and the case be returned to the point at which notice of appeal was given so that he could have effective assistance of counsel and a meaningful appeal. The motion was denied.

Appellant's brief advances six grounds of error. By the first four grounds, he contends his Federal and State constitutional right to effective assistance of counsel was denied by the trial court's failure to timely appoint counsel on appeal. In presenting the contention, he does not question, but concedes, that by the holdings of *Hernandez v. State*, *supra*, and the cases cited there, he has waived his right to a complete record. Instead; he urges that since he was represented by appointed counsel at trial and gave notice of appeal, the trial court, having a duty to insure an adequate record on appeal, had the further duty, even in the absence of guidelines, to timely appoint an attorney on appeal. Then, appellant concludes, it is presumed that the appointed attorney would have filed a proper designation of the record and avoided the exclusion of the transcription from the record on appeal.

At the outset of the consideration of appellant's faulting the trial court for not timely appointing counsel on appeal, it is appropriate to notice several matters. First, in the record before us, no appointment of trial counsel is recorded, although the clerk's certificate furnished with the notice of appeal shows that counsel was appointed. Thus, the information that trial counsel was not appointed counsel on appeal comes from counsel's response to the notice of the filing of the appellate record. Second, assuming counsel was not formally appointed counsel on appeal, there is no record that appellant requested the appointment of counsel on appeal. And third, the trial court's appointment of appellant's trial counsel as his counsel on appeal was made without any expressed finding on the question of appellant's indigency.

But aside from that, the fact remains that appellant's trial counsel did give timely notice of appeal. By giving the notice of appeal, trial counsel voluntarily became appellant's attorney of record on appeal, *Robinson v. State*, 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi 1983, no pet'n), particularly since there is nothing in the record to evidence the appointing court's permission for counsel to terminate his representation. *Harrison v. State*, 516 S.W.2d 192, 192–93 (Tex.Cr.App.1974). It logically follows that the exclusion of the transcription from the record on appeal cannot be charged to the trial court's failure to sooner make a formal appointment of counsel on appeal.

Moreover, in a similar factual situation, we recently held, albeit not unanimously, that a defendant's claimed denial of effective assistance of counsel because counsel was appointed too late to timely designate the record on appeal was not tenable when there was a failure to comply with the time limits for designating the transcription for inclusion in the record on appeal. *Gollihar v. State*, 701 S.W.2d 85 (Tex.App.1986). As we reiterated in *Gollihar*, the 20-day time limit for designating the transcription is a reasonable procedural requirement which must be adhered to by all appellants,

whether indigent or not, and we are without authority to hold otherwise. For these reasons, appellant's first four grounds are overruled.

■ With his last two grounds, appellant presents his contention that the trial court violated his Federal and State constitutional right to a meaningful appeal by failing to admonish him as to the dangers of self-representation on appeal. In this regard, he suggests that the trial court erred in failing to admonish him to file a designation of the record, a principle said to be a recognized conflict with the holding in *Hernandez v. State, supra.* Without a complete trial court record, we, of course, are uninformed whether the trial court gave any admonishment or made the explanation suggested in *Robinson v. State, supra,* at 283, to appellant. Nevertheless, it suffices to state, as we did in *Gollihar v. State, supra,* that the reasonable, mandatory procedural requirements for designating the record on appeal do not deny appellant a constitutional right to a record on appeal; they only condition that right on his merely filing a simple designation of the transcription within 20 days after he gave notice of appeal. Consequently, the last two grounds of error are overruled.

The judgment is affirmed.

COUNTISS, J., concurs.

BOYD, J., dissents.

COUNTISS, Justice, concurring.

I join in the opinion of Chief Justice Reynolds because I think it correctly applies Court of Criminal Appeals precedents we must follow in this problem area. I am not entirely comfortable with our decision, however, because I do not know who is at fault for this incomplete record. If the blame can be placed entirely on counsel, then considerable strength is added to Justice Boyd's view that, under *Evitts v. Lucey,* 469 U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), appellant's overriding right to effective assistance of counsel has been denied. If, however, appellant was not diligent in the pursuit of his appellate rights, then he should not be allowed to play games with the system by asking us

to let him start over. Appellant has the burden of demonstrating his right to relief and he has not met that burden under this silent record.

The problem before us, which occurs often, can be avoided if, as suggested in *Robinson v. State,* 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi 1983, no pet.) the trial court will tell the defendant at sentencing about certain basic appellate requirements. In addition to advising the defendant of his right to appeal and right to appointed counsel if indigent, the trial court should, at the very least, tell the defendant when the notice of appeal must be filed and when material to be included in the appellate record must be designated. Perhaps the Court of Criminal Appeals, by rule, or the Legislature, by statute, will some day require the giving of that information. Then we can, with assurance, tell a defendant that the incomplete record is his mistake, from which there is no relief.

BOYD, Justice, dissenting.

This is an appeal from an order revoking probation. Appellant Kenneth Joseph Ward, upon his plea of guilty, had previously been convicted of theft. His punishment was assessed at confinement of 180 days in the Hale County jail and a fine of $300, probated. This probation was revoked on October 4, 1984, giving rise to this appeal. In his first four grounds, he asserts that the failure to timely appoint counsel on appeal violated his right to effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Texas State Constitution. Based upon that premise, he requests we abate the appeal and return this proceeding to its status on the day appellant gave notice of appeal.

I would sustain those points and grant appellant the relief hereinafter suggested by me. To the majority's failure to do so, I must respectfully dissent. I believe appellant is entitled to relief on either of two propositions.

The order revoking appellant's probation was apparently entered on October 4, 1984. Although the order appointing an attorney is not in this record, appellant was represented at the revocation hearing by appointed counsel. That counsel timely filed a written notice of appeal on October 10, 1984. The Hale County Clerk sent notice of completion of the record to appellant's trial counsel, but no such notice was sent to appellant. The record consisting of a transcript and without a statement of facts was then approved by the trial judge on October 25, 1984 and filed with this Court on November 20, 1984.

Upon receiving notice from this Court that the transcript had been filed, appellant's trial counsel, on November 29, 1984, notified this Court that his appointment was only "at the trial court level," and that he was not appointed on appeal. Implicitly, if not explicitly, this Court accepted this statement of the limitation of counsel's appointment and, by written order dated December 19, 1984, by per curiam unpublished opinion, abated the appeal and remanded the cause to the trial court for an indigency hearing. In that order, if appellant was found indigent, we specifically directed that: (1) appellant be appointed an attorney to prosecute the appeal; and (2) that the appointed counsel file his brief within thirty days from the date of his appointment. *Ward v. State*, No. 07–84–0254–CR (Tex.App.—Amarillo, Dec. 19, 1984, no pet.). En route to that mandate, we specifically noted that Tex. Code Crim. Proc.Ann.art. 40.09(8) (Vernon Supp.1986) required notice of the approval of the record to a defendant without an attorney on appeal, and that that notice triggers the deadline for filing an appellate brief.

In response to this Court's order, on December 20, 1984, the trial judge appointed appellant's trial counsel to represent appellant. Later, provision was made by the appointed counsel for the attorney now handling this appeal. Within seven days of his appointment, on December 27, 1984, counsel designated the transcription of the court reporter's notes for inclusion in the record on appeal and, on February 12, 1985, moved for an extension of time for filing the transcription with the clerk of the trial court. Since the time within which appellant could normally have designated material to be included in the record pursuant to Article 40.09, *supra,* had long passed, and under authority of this Court's decision in *Hernandez v. State,* 670 S.W.2d 686 (Tex.App.—Amarillo 1984, no pet.), the motion was denied. Appellant then, on April 26, 1985, moved to abate this appeal and remand the cause to the trial court with instructions that it be "returned to the posture it occupied at the moment notice of appeal was filed." This motion was also denied. A statement of facts has now been tendered but, for the reasons outlined above, has not been filed. Accordingly, the record is now before us without a statement of facts.

I recognize that the only information that trial counsel was not appointed counsel on appeal comes from that counsel's response to the notice of the filing of the appellate record. I also recognize that there is no record that appellant requested the appointment of counsel on appeal and that the appointment of counsel on appeal was made without an expressed finding on the question of appellant's indigency.

In my judgment, the December 19, 1984 per curiam order of this Court must reasonably be construed to be an acceptance of counsel's position that he was appointed for trial purposes only. I agree with the majority that, absent a showing to the contrary, as a general rule, appointed counsel for an indignet defendant is obligated to continue to serve on appeal and the authorities cited by them for that proposition. However, in my view, the November 29, 1984 notification by counsel of the limitation of his appointment and the evident agreement to that limitation by this Court, represent an exception to that general rule. I cannot agree that the failure of the trial court in appointing appellate counsel without any expressed finding on appellant's indigency is material in this appeal. Since appellant was represented by appointed counsel at trial, absent a showing to the contrary, it must be presumed that appellant was indigent for the purposes of ap-

peal. *Bush v. State,* 557 S.W.2d 772, 773 (Tex.Crim.App.1977). Furthermore, in view of the language of our mandate to the trial court, and that court's response to the mandate, it is a necessary inference that the trial court was satisfied as to appellant's indigency. Neither can I agree that the fact that the record does not show that appellant requested appointment of counsel on appeal has any materiality in this case. Where, as here, an appellant was represented by court-appointed counsel at trial, there is a presumption of appellant's desire to appeal as an indigent. *Foley v. State,* 514 S.W.2d 449, 451 (Tex.Crim.App.1974). That presumption is, of course, strengthened by the fact that notice of appeal was actually given. Therefore, the fact that the record may be silent as to whether appellant requested counsel on appeal is immaterial because even if he failed to make such a request, this would not relieve the court of its obligation to appoint counsel. *Ex parte Perez,* 479 S.W.2d 283, 284 (Tex.Crim.App.1972).

It is axiomatic that an indigent appellant is entitled to the effective assistance of appointed counsel on a first appeal. *Anders v. California,* 386 U.S. 738, 741–42, 87 S.Ct. 1396, 1398–99, 18 L.Ed.2d 493 (1967); *Douglas v. California,* 372 U.S. 353, 357–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963); *Guillory v. State,* 557 S.W.2d 118, 121 (Tex.Crim.App.1977). Moreover, upon timely request, the trial court has a duty to furnish such an indigent appellant with an adequate record on appeal. *Griffin v. Illinois,* 351 U.S. 12, 19, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956); *Guillory v. State, supra* at 120. Without a statement of facts, the ability of this Court to review any trial error which might have assertedly occurred is severely restricted. *See Hale v. State,* 509 S.W.2d 637 (Tex.Crim.App.1974).

In *Simmons v. State,* 511 S.W.2d 308, 310 (Tex.Crim.App.1974), the Court held that where a defendant, who was represented at trial by retained counsel but had no attorney on appeal, had made known to the trial court that she was indigent, a duty devolved upon the trial court to hold a hearing to determine that question. Signif-

icantly, the *Simmons* Court went on to say:

> If the trial court finds that the defendant is indigent, *the court* should take the proper steps to provide appellant with a free transcription of the court reporter's notes. (Citations omitted.) *Proceedings may then be had in the trial court in accordance with Article 40.09, Vernon's Ann.C.C.P.* (Emphasis added.)

*Id.* In this case, such a hearing was not held and counsel not appointed until December 20, 1984, after remand by this Court. Moreover, if an appellant is without an attorney on appeal, he is himself entitled to notice of the completion of the record. Article 40.09(7), *supra.* It is undisputed that such notice was never given to appellant at a time when, under this scenario, he was without an attorney. The failure to receive that notice not only deprived appellant of notice that the record did not include a statement of facts, it deprived him of any right to object to the absence of such a statement of facts in the record. For us to hold that a critical deadline, *i.e.,* the time for the designation of the inclusion of a statement of facts in the record, had passed prior to the appointment of counsel on appeal would be to effectively deny appellant's constitutional right to the assistance of counsel on appeal. It would also ignore the apparent holding of the Court in *Simmons* that in a situation such as this, the trial court has some obligation to see that a statement of facts was included in the record and that this be done prior to the commencement of the time limits set out in Article 40.09, *supra.*

The Supreme Court of the United States in *Evitts v. Lucey,* 469 U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), in explicating a criminal's constitutional right to effective assistance of counsel on appeal, recently stated:

> In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, and the consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—

is governed by intricate rules that to a lay-person would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake.

*Id.* at ——, 105 S.Ct. at 836, 83 L.Ed.2d at 830. In my view and for the above reasons, the record shows that appellant did not receive his constitutional right to the assistance of counsel at a critical time period in his appeal.

If the position of the majority, *i.e.*, that appellant did have appointed counsel at all relevant times, was correct, it does not change my conclusion. This record would then clearly show that the assistance of that counsel was ineffective within the purview of the holding in *Evitts v. Lucey, supra.* In that case, Lucey was convicted of a drug offense. A timely notice of appeal was filed, and an appellant's brief and record were also filed. However, Kentucky appellate procedure also required the filing of an instrument denominated as a "statement of appeal," which would contain the names of parties, attorneys, the trial judge, dates of the judgment, notice of appeal, etc. The purpose of this "statement of appeal" was to aid the appellate court in processing the appeal and, as the Supreme Court noted, compliance with the requirement for the statement was not jurisdictional.

Because of the failure to furnish the statement, Lucey's appeal was dismissed by the Kentucky Court of Appeals and that disposition was affirmed by the Kentucky Supreme Court. The United States Supreme Court held that the failure of Lucey's attorney to comply with the applicable rules and timely file the "statement of appeal" deprived Lucey of his right to have his conviction reviewed by an appellate court, the result of which was to deprive Lucey of his due process right to effective assistance of an attorney on appeal. *Evitts v. Lucey, supra* at ——, 105 S.Ct. at 836–37, 83 L.Ed.2d at 830–31. En route to that decision, the Court made the following significant comment immediately following the portion of its opinion quoted above. It went on to say:

To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

*Evitts v. Lucey, supra* at ——, 105 S.Ct. at 836, 83 L.Ed.2d at 830.

To my mind, the similarity between the facts in this case and those before the *Evitts* Court is obvious. In *Evitts*, as in this case, the defendant was entitled to an appeal to a court of appeals as a matter of right. In *Evitts*, as in this case, the defendant was deprived of an effective review of his appeal by his counsel's failure to follow a nonjurisdictional procedural rule. In *Evitts*, that failure was to file a "statement of appeal," and in this case, the failure was to designate the inclusion of a statement of facts within a required time period. The Supreme Court's finding in *Evitts* that Lucey had been deprived of the effective assistance of counsel on appeal, to my mind, in this very similar situation, requires us to make a like holding. *Accord: Vicknair v. State,* 702 S.W.2d 304 (Tex.App.—Houston [1st Dist.] 1985). I must also note that *Hernandez v. State, supra,* upon which the majority relies to support its refusal to permit the filing of a statement of facts was decided before we had the benefit of the teaching of *Evitts v. Lucey, supra,* and that no petition for discretionary review of that case was filed with the Court of Criminal Appeals.

In summary, whether or not appellant had counsel during the requisite time period for designation of the record, appellant, insofar as this record shows, without negligence on his part, was deprived of a complete record on appeal and, hence, of the constitutionally mandated right to the effective assistance of counsel on appeal. Therefore, I would abate this appeal and

remand the cause to the trial court for the preparation and inclusion of a statement of facts to be shown in a supplemental record to be forwarded to this Court as prescribed by Article 40.09(8), *supra.* I would then allow appellant and the State the periods of time within which to file briefs set out in Article 40.09(9) and (10), *supra.*

Parenthetically, I would note that the relief which I would grant is not without precedent in Texas even prior to *Evitts v. Lucey, supra.* In *Ex parte Perez,* 479 S.W.2d 283, 284 (Tex.Crim.App.1972), the Court found that an indigent defendant was not furnished a statement of facts on appeal "because his counsel determined their duties came to an end when the motion for new trial was overruled and notice of appeal given." The Court then held that Perez had been denied the effective assistance of counsel. Therefore, the Court went on to say, *Perez* was entitled to an out-of-time appeal. However, since it was not then possible to obtain a statement of facts, the case was remanded for retrial. *Id.* at 285.

I realize that *Perez* was a habeas corpus proceeding. However, to me the precedent is clear. This defendant, by a similar chain of circumstances, had been deprived of the effective assistance of counsel. The matter is now before us and, by allowing the filing of a statement of facts, we can now ensure a proper review and effective legal assistance on appeal. Otherwise, under the precedent of *Perez* and like cases, as well as *Evitts v. Lucey, supra,* in another proceeding, we run the serious risk of the relief sought being granted with all the consequent delay and expense to all concerned. Moreover, the statement of facts is now available. As in *Perez,* at a later time that information might not be available, which would result in the necessity for a retrial, if one was possible; otherwise a dismissal of charges might result.

To the majority's failure to grant the relief I believe requisite, I must respectfully dissent.