**Alfonso DAVILA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–85–0192–CR.**

Court of Appeals of Texas, Amarillo.

July 23, 1986.

Lamar D. Treadwell, II, Muleshoe, for appellant.

Curtis R. Wilkinson, Dist./Co. Atty., Ray Rike, Asst. Dist./Co. Atty., Littlefield, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Appellant was convicted of aggravated assault, Tex.Penal Code Ann. § 22.02 (Ver-

non Supp.1986), and assessed a fine of $5,000 and ten (10) years confinement in the penitentiary. In this Court, he contends (1) he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution; and (2) the trial court erred in admitting his confession into evidence. We affirm.

On June 26, 1985, a jury found appellant guilty of aggravated assault and assessed punishment. Appellant gave notice of appeal on that date, in open court. Three days later, on June 29, 1985, the trial court appointed appellant's trial counsel as his appellate counsel. Fifty-seven days later, on August 22, 1985, appellant's counsel requested a transcription of the court reporter's notes (statement of facts) and on the next day the trial court ordered the reporter to prepare the transcription.

On August 26, 1985, counsel filed a motion with this Court seeking additional time in which to file the statement of facts. The Court denied the motion, citing *Hernandez v. State*, 670 S.W.2d 686 (Tex.App.—Amarillo 1984, no pet.). Appellant was informed, however, that the denial was without prejudice to his showing that he had complied with article 40.09(2) of the Texas Code of Criminal Procedure (Vernon Supp.1986).

Later, in November 1985, the trial judge approved the record on appeal, which included the statement of facts. The appellate record was then tendered for filing in this Court and the Clerk informed counsel that the transcript had been filed but the statement of facts was being held unfiled, again referring counsel to *Hernandez v. State*, 670 S.W.2d at 688.

On February 6, 1986, appellant's counsel sent a letter to this Court stating that he could not effectively pursue the appeal without a statement of facts. When no brief had been filed by April 24, 1986, this Court ordered counsel to file a brief on or before May 21, 1986, which he did.

■ By his first ground of error, appellant contends he has been denied effective assistance of counsel on appeal because his court-appointed attorney failed to timely designate the record on appeal. Appellant suggests that we should either construct an exception to *Hernandez* and permit an out of time appeal or grant relief by writ of habeas corpus because of the ineffective assistance of counsel.

In *Hernandez v. State*, 670 S.W.2d at 688, this Court, following numerous Court of Criminal Appeals decisions, held that an accused who wanted to include the statement of facts in the record on appeal must designate the statement for inclusion within 20 days after giving notice of appeal, as required by article 40.09(2) and (5) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1986). We also detailed our lack of authority to suspend the 20–day requirement and permit the filing of an untimely designated statement of facts. 670 S.W.2d at 688–89. Subsequently, in *Gollihar v. State*, 701 S.W.2d 85 (Tex.App. —Amarillo 1986, pet. pending) and *Ward v. State*, 704 S.W.2d 903 (Tex.App.—Amarillo 1986, pet. pending), we reaffirmed our holding in *Hernandez*, rejecting contentions that counsel's failure to timely designate the statement of facts for inclusion in the appellate record prevented a meaningful appellate review of the conviction and denied the defendant effective assistance of counsel. In each case, as here, the defendant was actually contending that article 40.09 was unconstitutional as applied to him.

In *Gollihar* and *Ward*, we acknowledged a defendant's right to effective assistance of counsel during an appeal, *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and a meaningful review of the appeal. *Thomas v. Arn*, 474 U.S. ——, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). However, we also pointed out that a State has the right to establish and enforce reasonable procedural rules for an appeal, and sanction the loss of appellate review if the rules are not followed. *Thomas v. Arn*, 474 U.S. ——, 106 S.Ct. 466, 88 L.Ed.2d 435. Any other system would permit the defendant to control the appellate process and create chaos in the courts.

We then held that the 20–day time limit imposed by article 40.09(2) and (5) is reasonable in length and applies equally to all litigants. *Zamora v. State,* 568 S.W.2d 355, 356 (Tex.Crim.App.1978); *Hoagland v. State,* 541 S.W.2d 442, 443 (Tex.Crim.App. 1976); *Rhoda v. State,* 514 S.W.2d 937, 939 (Tex.Crim.App.1974). Accordingly, we concluded that the procedural process in question was consistent with constitutional principles, both generally and as applied to those defendants, and we held it constitutional as applied in those cases.

The reasoning and holdings in *Gollihar* and *Ward* are directly in point here. Appellant did not comply with the rules and must suffer the consequences. It is undisputed, of course, that appellant was represented by counsel during the time when the designation should have been made and that his counsel failed to timely file the designation. To hold, however, that he can start over or construct his own appellate timetable under the guise of a denial of effective assistance of counsel would allow appellant to do indirectly what he cannot do directly.

■ There is a second reason for the rejection of appellant's contention. In order to prevail on the theory that he was denied effective assistance of counsel, appellant must show two things: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Darden v. Wainwright,* 39 Crim.L. Rep. (BNA) 3169, 3173 (June 25, 1986). Yet in appellant's only other argument, advanced by his second ground of error, he concedes that there was no reversible error in his trial and he does not point to or suggest anything in the unfiled statement of facts that would cause us to reverse the conviction. Thus, under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, even if we agreed that counsel's representation was unreasonable, we could not conclude that, but for the error in failing to designate the statement of facts, the result of this appeal would be different.

■ Finally, appellant's argument that he should be granted a writ of habeas corpus is not for us to decide. We have no jurisdiction in that matter. Tex.Code Crim. Proc.Ann. art. 11.07 § 2 (Vernon Supp. 1986). *Ex parte Brown,* 662 S.W.2d 3 (Tex.Crim.App.1983). Ground of error one is overruled.

After admitting that he finds no clear reversible error, appellant, by his second ground, argues that the trial court may have erred in receiving in evidence an oral admission made soon after his arrest. Because the ground is premised on facts contained in the unfiled statement of facts, which is not part of the appellate record, we cannot resolve the contention on its merits. *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Jones v. State,* 564 S.W.2d 718, 721 (Tex.Crim.App.1978); *Washington v. State,* 500 S.W.2d 485, 487 (Tex.Crim.App.1973). We note, however, that under the facts recited in appellant's brief, the admission was clearly admissible. *Ellerbee v. State,* 631 S.W.2d 480, 484 (Tex.Crim.App.1981). Ground of error two is overruled.

The judgment is affirmed.

DODSON, Justice, concurring.

I concur with the majority's disposition of this case. I agree that even though appellant's counsel failed to timely file the required record designation, appellant's ineffective assistance of counsel contention must be measured by the standard in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this instance, as the majority points out, when the *Strickland* standard is applied and we assume arguendo that the failure to timely file the required record designation by counsel was unreasonable, appellant has failed to show that there is a reasonable probability, that but for the fail-

ure, the result of this appeal would be different.