**Jose Z. ALONZO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–152–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 8, 1987.

Darryl G. Campbell, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellant was found guilty of the offense of indecency with a child. The jury assessed punishment at confinement in the Texas Department of Corrections for a term of five years. Appellant complains of the denial by this court of his motions to supplement the record and for extension of time to file a statement of facts. He asserts no error in the judgment of the trial court. Therefore, we affirm the judgment of the trial court.

Appellant's sole point of error is that he was deprived of due process of law by this court's denial of an extension of time to file a statement of facts.

Appellant was sentenced on February 24, 1986, and gave notice of appeal on the same day. Although represented by counsel, Appellant did not file a designation of materials to be included in the appellate record within twenty days after giving notice of appeal as required by Texas Code of Criminal Procedure article 40.09 §§ 2 and 5. The period for filing a statement of facts expired on April 25, 1986. On May 6, 1986, the District Clerk's Office sent Appellant written notice that the record had been completed. The trial court approved the record without any objection from Appellant on June 5, 1986. Appellant filed a motion for extension of time to file a statement of facts and a motion to supplement the record in this court on June 13, 1986. We denied both motions on June 19, 1986. Appellant argues that this denial deprives him of due process by denying him effective assistance of counsel.

█ Appellant was required to designate the record within twenty days after he gave notice of his appeal if he desired the statement of facts to be included in the record. Tex.Code Crim.Proc.Ann. art. 40.-

09 §§ 2, 5 (Vernon Supp.1986); *Shead v. State*, 697 S.W.2d 784 (Tex.App.—Dallas 1985, no pet.). Although the appellate courts have authority to extend the time for filing the statement of facts under article 40.09 § 13 of the Texas Code of Criminal Procedure, they are not authorized to extend the twenty day time limit prescribed by article 40.09 §§ 2 and 5 for designation of the record. Tex.Code Crim.Proc.Ann. art. 40.09 §§ 2, 5, 13 (Vernon Supp.1986); *Hernandez v. State*, 670 S.W.2d 686, 688 (Tex.App.—Amarillo 1984, no pet.). Therefore, if Appellant fails to meet the twenty day requirement, his right to have the statement of facts included in the appellate record is waived. *Rhoda v. State*, 514 S.W.2d 937, 939 (Tex.Crim.App.1974); *Shead v. State*, 697 S.W.2d at 786.

Appellant argues that this statute deprives him of his right to due process of law. However, a state may prescribe reasonable requirements for triggering the right to appellate review. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982); *Gollihar v. State*, 701 S.W.2d 85, 86 (Tex. App.—Amarillo 1986, pet. pending). The twenty day time limit for designation of the appellate record prescribed by art. 40.09 §§ 2 and 5 is a reasonable procedural rule which is fully consistent with constitutional principles. *Davila v. State*, 718 S.W.2d 350 (Tex.App.—Amarillo, 1986, no pet.); *Ward v. State*, 704 S.W.2d 903, 904 (Tex.App.— Amarillo 1986, pet. pending); *Gollihar v. State*, 701 S.W.2d at 87. Our denial of Appellant's motions was mandated by the rules governing the record on appeal.

Appellant does not complain of error on the part of the trial court. Therefore, the judgment of the trial court is affirmed.