**Frank W. DAVIS, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–84–075–CR.**

Court of Appeals of Texas, Austin.

Nov. 6, 1985.

Rehearing Denied Dec. 18, 1985.

Roy Q. Minton, Minton, Burton, Foster & Collins, Austin, for appellant.

Jeffrey L. Van Horn, Crim. Dist. Atty., New Braunfels, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and BRADY, JJ.

## ON MOTION FOR REHEARING

BRADY, Justice.

On motion for rehearing, the original opinion handed down by this Court on March 13, 1985, is withdrawn and the following opinion submitted.

Appellant, Frank W. Davis, II, appeals from a conviction of the offense of theft of over ten thousand dollars. Tex.Pen.Code Ann. § 31.01 (1977). The jury assessed appellant's punishment at confinement in the Department of Corrections for a period of ten years, and a ten thousand dollar fine.

Davis, as president and owner of Bub Davis Packing Company, maintained four separate accounts in the company's name at the First National Bank of Luling. Davis also had a Company account with the Union National Bank in Austin.

From 1976 to October 1978, two of Davis' accounts with First National were continuously overdrawn. First National did very little to correct the situation, however, because the bank had a lien on a 135 acre tract of land securing a $15,000 note and any overdrafts which Davis incurred. In October 1978, Davis' overdrafts came close to exceeding the value of First National's security. At this point, First National required that the overdrafts be converted into a loan for $76,000. Thereafter, the board of directors ordered that no more overdrafts be extended to Davis.

In December 1978, without the knowledge of First National's board of directors, Davis' account became overdrawn. When First National notified Davis that his account was overdrawn he covered the overdrafts with transfer checks from his account with Union National. First National gave Davis immediate credit for these checks. Davis' account with Union National had insufficient funds to cover these checks, however, resulting in a $259,000 loss to First National and an $85,000 loss to Union National.

First National's directors were held personally liable for the bank's loss. Thereafter, Davis was indicted for six counts of

theft on February 27, 1980. At trial the State attempted to prove that Davis engaged in a checkkiting scheme. The jury found Davis guilty and sentenced him to ten years confinement in the Department of Corrections, and assessed a $10,000.00 fine against him.

By his first ground of error, appellant contends that the trial court erred in overruling his motion to quash the indictment returned against him. We will reverse the judgment of conviction and order the indictment to be dismissed because the trial court committed error in overruling appellant's motion to quash the indictment.

The record discloses that the State, on December 30, 1980, filed a motion to transfer venue to Comal County. The hearing on the motion was set for January 6, 1981. The trial court granted the State's motion, and transferred the case. The trial date was set for June 15, 1981.

Thereafter, appellant filed a motion to quash the indictment and a memorandum in support thereof. Instead of objecting to the filing of the motion to quash, the State responded by filing a Bill of Particulars. The trial court entered an order denying the motion to quash and sustaining the State's Bill of Particulars. It is appellant's position that the Bill of Particulars did not cure the notice defect. The State, on the other hand, urges that the Bill of Particulars provides sufficient notice to satisfy due process. Alternatively, the State argues that the appellant waived his complaint because he failed to timely file his motion to quash and thereby failed to comply with Tex.Code Cr.P.Ann. art. 28.01 (Supp.1985).

First, we will address the issue of whether appellant's motion to quash was timely filed. In summary, art. 28.01, provides that when a criminal case is set for pre-trial hearing, any of several listed preliminary matters, including exceptions to the form or substance of an indictment, not raised or filed seven days before the hearing may not thereafter be filed except for good cause shown; provided the accused was given ten days notice in which to raise or

file such matters. See art. 28.01 § 2, supra.

The State argues that since appellant failed to raise or file his motion to quash seven days prior to the time the pre-trial hearing was held on January 6, 1981, appellant's first ground of error, was waived. We disagree.

In Revia v. State, 649 S.W.2d 625 (Tex. Cr.App.1983), a pre-trial hearing was conducted on October 6, 1978, pursuant to art. 28.01. The case came to trial on December 5, 1978. On December 4, 1978, however, the defendant presented his motion for change of venue for the first time. The State argued that the motion had not been filed in conformity with art. 28.01, and was not entitled to be raised or considered. The Court held that the question of change of venue is a matter of constitutional dimension to which art. 28.01 no longer applies. Id. It follows that the venue hearing in the instant case was not a preliminary hearing pursuant to art. 28.01, and the appellant was not required to file his motion to quash prior to such hearing. Since the appellant has filed his motion ten days before trial, we hold that it was timely filed.

Appellant contends that the State's Bill of Particulars, filed in response to the motion to quash, does not cure the notice defects contained in the indictment. We agree.

In pertinent part, the indictment alleges that the appellant, on various occasions "... did then and there intentionally and knowingly appropriate property, to wit: United States currency ..."

Appellant's motion to quash alleged that the indictment is defective in that it fails to specify which type of "appropriation" is charged under Tex.Pen.Code Ann. § 31.-01(5) (Supp.1985). Section 31.01(5) provides:

(5) "Appropriate" means:

(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or

(B) to acquire or otherwise exercise control over property other than real property.

Since the statutory definition of "appropriate" provides for more than one manner or means to commit the act, upon timely request, the State must include a specific allegation of which manner or means of "appropriate" the State will rely on to prosecute. *Coleman v. State*, 643 S.W.2d 124 (Tex.Cr.App.1982); *McBrayer v. State*, 642 S.W.2d 504 (Tex.Cr.App.1982); *Gorman v. State*, 634 S.W.2d 681 (Tex.Cr.App.1982); *Scott v. State*, 646 S.W.2d 638 (Tex.App. 1983, no pet.). This specific allegation must be in the form of an amendment to the actual indictment. *Amaya v. State*, 551 S.W.2d 385 (Tex.Cr.App.1977). Proper notice must appear on the face of the indictment. *Jeffers v. State*, 646 S.W.2d 185 (Tex.Cr.App.1983). There is no provision under Texas law for a Bill of Particulars. A Bill of Particulars, therefore, will not cure a notice defect contained in a charging instrument. We conclude that the trial court erred in overruling appellant's motion to quash. Under these circumstances the indictment must be dismissed. *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980).

■ In the indictment J.B. Nickells was alleged to be the special owner of the appropriated currency. To this end, Davis argues that the evidence is insufficient to prove that J.B. Nickells owned the United States currency appropriated. Davis argues further that the evidence was insufficient to prove that he did not have the effective consent of the owner. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Green v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), require that a challenge to the sufficiency of the evidence be considered before disposing of an appeal, although reversal of the judgment of conviction may be required on other grounds. *Foster v. State*, 635 S.W.2d 710, 712 (Tex.Cr.App.1982); *Hooker v. State*, 621 S.W.2d 597, 598 (Tex.Cr.App. 1980).

Texas Pen.Code Ann. § 1.07(24) (1979), defines owner as "a person who has title to the property, possession of the property whether lawful or not, or a greater right to possession of the property than the actor." Thus, there are three ways to allege and prove ownership, one of which is to show that the alleged owner had a greater right of possession than did the accused. *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App. 1980). This was the approach used by the State in this case. In order to prove a greater right of possession, *Compton* requires that the alleged owner have either care, custody or control over the stolen property.

The record reveals that Nickells was a member the board of directors of First National, as well as a shareholder. Evidence elicited from two board members showed that bank directors are charged with the responsibility of either approving or disapproving loans and overdrafts. Eventually the board of directors was held personally liable for the loss created by Davis' uncollected checks. Such evidence is sufficient to show that Nickells, as a director, had a greater right of possession to the stolen currency than did Davis. Davis' ground of error is overruled.

■ Davis concedes in his brief that Nickells never consented to an appropriation of the bank's money through any means other than an approved loan. Davis argues, however, that he had the consent of First National's president, Fred Tasto. Assuming that Tasto was authorized to extend an overdraft to Davis, he did not consent to payment of the overdraft by means of a worthless check. Tasto, rather than return Davis' checks for insufficient funds, allowed Davis to cover the overdrafts. Tasto's consent, however, did not go so far as to allow Davis to pay the overdrafts with a check from an account which had insufficient funds to cover the payment. Davis' ground of error as to sufficiency of the evidence is without merit and overruled.

The judgment of conviction is reversed and the case is remanded with instructions to sustain appellant's motion to quash and to dismiss the indictment.