Frank W. DAVIS, II, Appellant,

v.

The STATE of Texas, Appellee.

No. 087–86.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 29, 1986.

Scott A. Young, Roy Q. Minton, John L. Foster, Austin, for appellant.

Jeffrey L. Van Horn, Dist. Atty., Lockhart, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for theft over $10,000. Punishment was assessed at imprisonment for 10 years and a $10,000 fine. Appellant's conviction was reversed and remanded by the Court of Appeals for the Third Supreme Judicial District. *Davis v. State,* 700 S.W.2d 678 (Tex.App.—Austin 1985).

The State in its petition for discretionary review raises three contentions regarding the Court of Appeals' opinion. We specifically refuse the State's petition for discretionary review on those three contentions. However, subsequent to the Court of Appeals' opinion, this Court decided *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986), wherein we held that, in deciding the adequacy of a charging instrument against a motion to quash, the first step is to determine whether the charging instrument failed to convey some requisite item of notice. If sufficient notice is not given, the next step is to decide whether, in the context of the case, the failure to give that notice had an impact on the defendant's ability to prepare a defense and, finally, how great an impact it was. As noted, the Court of Appeals did not have the benefit of this decision.

Therefore, pursuant to the authority conferred on this Court by Tex.R.App.Pro. Rules 2(b) and 200(a), we refuse the State's petition and grant discretionary review on our own motion. We remand the case to the Court of Appeals for the Third Supreme Judicial District for reconsideration in light of *Adams v. State,* supra. See *Sanchez v. State,* 628 S.W.2d 780 (Tex.Cr. App.1982); *Froyd v. State,* 633 S.W.2d 884 (Tex.Cr.App.1982).

This Court expresses no opinion with respect to the ultimate disposition of this contention but only finds that the Court of Appeals should reassess the motion to quash in light of Adams v. State, supra.

ONION, P.J., would grant the State's Petition.

McCORMICK, J., dissents to the remand and would grant the State's petition.

CAMPBELL, J., not participating.

CLINTON, Judge, dissenting.

The opinion of the Court says that "pursuant to the authority conferred on this Court by Tex.R.App.Pro.Rules 200(a) and 2(b), we refuse the State's petition and grant discretionary review *on our own motion.*"[1] Since the decision of the Austin Court of Appeals was delivered almost a year ago now, *Davis v. State,* 700 S.W.2d 678 (Tex.App.—Austin 1983), an explanation of this extraordinary turn of events is in order.

That this Court has constitutional jurisdiction, power and authority to review a decision of a court of appeals in a criminal case on its own motion, *"as provided by law,"* cannot be gainsaid. Article V, § 5;

---

1. All emphasis is mine throughout unless otherwise indicated.

Articles 4.04, § 2, 44.01 and 44.45(a) (first sentence), V.A.C.C.P.[2]

Articles 44.33(a) and 44.45(c) authorize this Court to make rules of posttrial and appellate procedure for hearing criminal actions not inconsistent with remaining provisions of the Code of Criminal Procedure, including promulgating rules to implement its discretionary review jurisdiction, power and authority. In 1981 this Court did indeed adopt and promulgate Rules of Post Trial and Appellate Procedure in Criminal Cases. See rules following Article 44.33, V.A.C.C.P.

Tex.Cr.App. Rules 302, 303 and 304 provided a scheme by which the Court would grant discretionary review either on its own motion in accordance with Rule 303 or on petition pursuant to Rule 304. Former article 42.04a, supra, prescribed that a decision of a court of appeals shall be final 45 days after the final ruling of the court *unless, inter alia,* "a petition for review has been filed within 30 days after the final ruling of the court of appeals," [3] or "[this Court] has filed an order for review of the decision on its own motion." Within time constraints provided by former article 44.45, supra, to grant on its own motion, the Court fashioned Rules 209, 210 and 303 in such a way as to ensure that when a petition for review was not filed by a party within thirty days, any judge still had fifteen days thereafter to file an order for review. The order for review was a mechanism to provide sufficient time for the Court to decide whether to grant review on its own motion; it had the effect of staying mandate of the court of appeals and extending *"the 45 days' time* before a court of appeals' decision .... becomes final for an *additional* 45 days." Rule 303(c). Within that extended period if four judges did not agree to review it, the decision of the court of appeals became final. On the other hand, an order granting review prevented the decision from becoming final pending further order of the Court. Rule 303(d) and (e).

Though rarely utilized the procedure proved effective in, e.g., *Gentry v. State,* 640 S.W.2d 899 (Tex.Cr.App.1982).[4]

Substantially the same scheme is now provided by Tex.R.App.Pro.Rules 86(a), 200 and 201. Other than by engaging the prescribed process within fortyfive days after judgment et cetera, this Court has not provided a rule of procedure for exercising its discretion to review on its own motion a decision of a court of appeals.

As is usually provided, however, "in the interest of expediting a decision or for other good cause shown," appellate courts "may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction." Tex.R.App.Pro.Rule 2(b). By citing Rules 2(b) and 200 a majority is causing the Court on its own motion to do just that.

Suspension of solemn rules of procedure governing review functions of this Court is a serious matter, not lightly undertaken. Indeed, if this Court has done so in these circumstances, the majority cites no precedent. My disagreement with the majority

---

**2.** The second sentence read: "An order for review must. be filed before the decision of the court of appeals becomes final as determined by Article 42.04a." It and Article 42.04a were both repealed when new Texas Rules of Appellate Procedure became effective September 1, 1986. See now Tex.R.App.Pro.Rule 201, "Discretionary Review Without Petition" and Rule 86, "Mandate."

**3.** Rule 209(c) provided formulae for determining day of "final ruling of the Court." See now Tex.R.App.Pro.Rules 86 and 201.

**4.** "Not only is the question one of first impression in this State, but the majority of the court below was unable to find 'any other state or federal statute that requires construction of the term "item" or to define the permissible scope of search.' [*Gentry v. State,* 629 S.W.2d 77 (Tex. App.—Dallas) ] at 80, n. 2. Accordingly, we granted the Criminal District Attorney leave to file a brief for the State. Alas, appellate counsel for appellant, who did not try the case and appears to have been appointed, .... has not favored us with any advocacy in behalf of appellant on our discretionary review. See, however, *Ayala v. State,* 633 S.W.2d 526 (Tex.Cr.App. 1982). As a matter of fact, discretionary review was granted by the Court on its own initiative. * * * * *" *Id.,* at 900, n. 2.

is in its implied finding that there is some "good cause shown," albeit not identified, for remanding this cause to the Austin Court of Appeals for "reconsideration in light of *Adams v. State* [707 S.W.2d 900 (Tex.Cr.App.1986)]." Since we first *granted* the petition for review in both cases the majority invites the reader to see, each is inapposite here.

While its judgment remands the cause to the trial court, the Austin Court of Appeals also found the evidence sufficient to sustain the verdict. As I do, the Austin Court will surely wonder what is the "good cause shown," and since presumably it must invite and afford time for the parties to brief the *Adams* question, the Austin Court would be justified in believing that to review the record again for prejudice to preparation of a defense is certainly *not* "in the interest of expediting a decision" in this cause.

In the premises it seems to me altogether more likely that this cause could be finally resolved in the trial court long before the appellate system releases it. But, like a "loose cannon on deck," the majority suspends rules *on its own motion* in order to grant discretionary review *on its own motion*, and then summarily remands the cause to the Austin Court of Appeals.

I dissent.

McCORMICK, J., joins.