Douglas Charles **GOLLIHAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 249–86.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 16, 1987.

Cecil R. Biggers, Spearman, for appellant.

Gene Compton, Dist. Atty. and Roy Carper, Asst. Dist. Atty., Borger, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON COURT'S MOTION ON PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was convicted by a jury of burglary and assessed a punishment at ten years in the Texas Department of Corrections and an $8,000.00 fine. His conviction was affirmed by the Seventh Court of Appeals in *Gollihar v. State*, 701 S.W.2d 85 (Tex.App.—Amarillo, 1986).

Review was granted on the Court's own motion to determine whether the appellant received effective assistance of counsel on appeal.

The judgment of the Court of Appeals is vacated and the cause remanded to that court to be considered in light of *Ward v. State*, 740 S.W.2d 794 (Tex.Cr.App.—1987).

TEAGUE, J., concurs for the reasons expressed in the concurring opinion that he filed in *Ward v. State*, *supra*.

CLINTON, Judge, concurring.

For reasons stated in my dissenting opinion in *Davis v. State*, 721 S.W.2d 857 (Tex. Cr.App.1986), I agree with Judge McCormick that our rules did not authorize the Court to grant review on its own motion. Moreover, unlike *Davis v. State, supra,* the Court did not expressly suspend the rules pursuant to Tex.R.App.Pro. 2(b).

Nevertheless, in my judgment, the petition warranted a grant in accordance with *Id.,* Rule 202 in that in his Ground for Review appellant claimed former article 40.09 operated to deny him effective assistance of counsel and under his "Reason for Review" appellant made clear that he relied on *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 203 (1985). In *Gollihar v. State*, 701 S.W.2d 85 (Tex.App.—Amarillo 1986), both the statute and *Evitts v. Lucey, supra*, were considered by the Amarillo Court, and one justice dissented. See Tex.R.App.Pro. Rule 200(c)(2) and (5).

Furthermore, its opinion in this cause was relied on by the Amarillo Court in *Ward v. State*, 704 S.W.2d 903 (Tex.App.—Amarillo 1986), and we had already granted review in *Ward* when the instant PDR was taken up for consideration.

Accordingly, I join the judgment of the Court.

MILLER, Judge, concurring.

I write to address Judge McCormick's Dissenting Opinion.

Once again we appear in print to disagree about the meaning of our own Texas Rules of Appellate Procedure. I still adhere to my dissent in *Angel v. State*, 740 S.W.2d 727, 748 (Tex.Cr.App.1987):

"Such squabbles are more appropriately addressed by the Rules of Appellate Procedure promulgated by this Court itself. Let us not forget that we write these rules, and if there is some ambiguity therein, or if they are subject to different interpretations, the appropriate place to settle our differences is *in* the rules."

As long as we're here though, a few words in rebuttal are in order. The full context of Rule 201, with emphasis sup-

plied for purposes of this discussion, is as follows:

Discretionary Review Without Petition

(a) The Court of Criminal Appeals may on its own motion by a vote of any four judges of the court grant review of a decision of a court of appeals in a criminal case *at any time before the court of appeals' decision becomes final as determined by Rule 86, and this rule.* An order granting review shall be filed with the Clerk of the Court of Criminal Appeals who shall send a copy to the Clerk of the Court of Appeals.

(b) In order to provide sufficient time for the Court of Criminal Appeals to decide whether to grant or deny discretionary review, the court or a judge thereof may file an order for review with the Clerk of the Court of Criminal Appeals who shall send a copy to the Clerk of the Court of Appeals.

(c) Unless otherwise limited in the order itself, an order for review shall extend the 45 days' time before issuance of the mandate of the court of appeals for an additional 45 days. An order for review shall be signed by a judge of the Court of Criminal Appeals.

(d) An order granting review prevents the issuance of the mandate of a court of appeals pending the further order of the Court of Criminal Appeals.

(e) If four judges do not agree to review a decision of a court of appeals within the time as extending under (c) above, the mandate of the court of appeals shall issue.

These words, "at any time before the court of appeals' decision becomes final as determined by Rule 86, and this rule", have a self evident meaning, to wit: That we may grant review of a court of appeals decision as long as it has not become final as determined (1) by Rule 86, *or* (2) by paragraphs (b) and (c) of this rule. Thus there are two clear and distinct bars to the finality of a Court of Appeals decision: Rule 86 AND paragraphs (b) and (c) of Rule 201.

Rule 86, of course, says in pertinent part that a decision of a court of appeals is not final (the mandate shall not issue) if a petition for discretionary review is filed, or if such a petition is refused, until final fifteen days after receipt of an order from the Court of Criminal Appeals refusing discretionary review.

So, as long as a petition for discretionary review is on file, the decision of a court of appeals is not final, and under the clear import of Rule 201, we may grant review on our own motion just as surely as if said court of appeals decision was not final because paragraphs (b) & (c) had been invoked.

Whatever thought processes went on at the time we wrote these rules, this is what we said in print. If it is the will of the majority to change the rules so that Rule 201 states:

(a) The Court of Criminal Appeals *may on its own motion* by a vote of any four judges of the court grant review of a decision of a court of appeals in a criminal case *at any time before the court of appeals' decision becomes final as determined by ~~Rule 86, and~~ this rule.*

then let's do so and quit arguing about the meaning of that which we can clarify with the stroke of a pen.

## DISSENTING OPINION ON COURT'S MOTION ON PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge, dissenting.

Following a grant of discretionary review on the Court's own motion, a majority now remands this cause to the Court of Appeals for consideration in light of *Ward v. State,* 740 S.W.2d 794 (Tex.Cr.App.1987). Although it appears *Ward* is controlling, I do not believe, under our existing rules, that this Court was authorized to grant review on its own motion since the time for doing so had expired. See Rule 201(c), Tex.R.App.Pro. we should, therefore, in deference to our self-imposed rules, dismiss this cause and allow appellant to seek relief in the appropriate manner.